THE CRYSTAL SALT AND MINING COMPANY *et al.* v.
WILLIAM M. LECKIE.

No. 8636.

FRAUD — *Conveyance as Security.* H. having advanced all the
money to pay for certain land, and substantially all that was paid
toward the erection of a salt plant thereon, although not enough
to complete the payment for the same, it was not a fraud upon
other simple contract creditors for her to take title to the prop-
erty as a security for the money advanced in pursuance of a prior
agreement.

*Error from Kingman District Court.*
*Hon. S. W. Leslie, Judge.*

REVERSED AND REMANDED.          OPINION FILED JULY 11, 1896.

*L. M. Conkling & Son*, for plaintiffs in error.

The opinion of the court was delivered by

MARTIN, C. J. : In the fall of 1888, Dr. E. W. Hin-
ton and Ira E. Hobson, two of the plaintiffs in error,
desiring to engage in the manufacture of salt at King-
man, and having no ready means of their own, pur-
chased a tract of 10 acres in the name of Milla A.
Hinton, one of the plaintiffs in error, who was the
wife of Doctor Hinton, she furnishing the money
paid down, and signing notes for the balance, which
were also signed by Doctor Hinton and Mr. Hobson.
These notes were afterward paid with the money of
Mrs. Hinton. The deed to Mrs. Hinton was executed
November 26, 1888, but was not recorded until No-
vember 19, 1889. On December 1, 1888, Hinton and
Hobson entered into a contract in writing with Charles
Tuttle, whereby the latter agreed to furnish the ma-
terials and perform the labor necessary to the erection
of a plant of a certain description for $7,480.66, and to
complete the same within two months. Tuttle was

the agent of William M. Leckie, of Joplin, Mo., the defendant in error, for the sale of boilers and pumps, the principal things necessary in the construction of the plant other than the building therefor, but the agency of Tuttle was not disclosed to Hinton and Hobson at the time. Mrs. Hinton owned $6,000 of bank stock, and she pledged this for $4,000, and loaned the money to Hinton and Hobson to use in the erection of the plant. The arrangement between Hinton and Hobson and Mrs. Hinton was, that the property should remain in her name until the money advanced for the real estate and the plant should be repaid to her, and then she should convey the property to Hinton and Hobson. On the completion of the plant, Hinton and Hobson owed thereon about $2,800, for which they gave two notes to Tuttle. He assigned them to Leckie, and not being paid when due, they were renewed in the name of Leckie as payee.

On December 23, 1889, E. W. Hinton, Ira E. Hobson, and M. A. Hinton, plaintiffs in error, and I. J. Conklin and L. C. Hobson entered into articles for the incorporation of the Crystal Salt and Mining Company, plaintiff in error, with an authorized capital stock of $50,000, divided into 1,000 shares of $50 each, the incorporators being named as directors for the first year. On December 28, 1889, said Milla A. Hinton and her husband conveyed the real estate and plant to the Crystal Salt and Mining Company, the deed being recorded January 11, 1890. The company issued to Mrs. Hinton its capital stock amounting to $10,000, and to each of the directors one share. No other stock was issued. Some efforts were made to run the salt-works, but they resulted in financial failure.

On April 16, 1891, Leckie obtained judgment against

E. W. Hinton and Ira E. Hobson on said promissory notes for $2,924.68, and an execution upon said judgment was returned unsatisfied on June 6, 1891. On July 13, 1891, Leckie commenced his action against the Hintons, Ira E. Hobson and the Crystal Salt and Mining Company in the nature of a creditor's bill to subject said real estate and plant to the payment of his judgment. On September 22, 1891, a trial was had, and certain special questions of fact, being prepared by the court, were submitted to the jury for answer. The jury found that the land was purchased in the name of Mrs. Hinton in contemplation of defrauding, hindering and delaying the creditors of Hinton and Hobson in the collection of their debts, and that Mrs. Hinton did not contribute any money to the salt enterprise. The latter finding is against the evidence, and the former appears to be based upon the assumption that Mrs. Hinton was not a creditor of Hinton and Hobson when she took title to the real estate, nor afterward. The only evidence upon which the jury could have based these findings was that Hinton and Hobson made statements to different persons, not in the presence of Mrs. Hinton, that they had purchased the land and were building the plant, and that they had the means to do so. There is no contradiction of the evidence, however, that Mrs. Hinton furnished substantially all the means used in the purchase of the real estate and payment for the plant. The court sustained the findings of the jury and entered judgment, subjecting the real estate and plant to the payment of Leckie's judgment. It was not a fraud upon other creditors for Mrs. Hinton to take title to the property as security for the payment of the money advanced, although Hinton and

Hobson were unable to pay or secure other creditors. Neither Leckie nor Tuttle took any steps to secure a mechanic's lien, and they had no other upon the property. The findings and the judgment are unsupported by the evidence.

The judgment will be reversed, and the cause remanded to the court below for a new trial.

All the Justices concurring.